The first reason advanced by the plaintiff for setting aside ‘the order allowing fees in this case is that, before the suit, he expressly stated to his counsel that there would be no final partition in the court, but that the case should be filed for the purpose of forcing the other co-tenants to adjust the differences between them and bring the matter of the settlement of the estate to a focus; that after the case should have remained in court for several years, if necessary, and having accomplished this ultimate object, the cause should be dismissed or withdrawn, but that under no circumstances was there to be any final decree of this court or partition made therein. I am clearly of opinion — and I hardly think it' necessary to state the reasons therefor — that courts must disregard this testimony for the purpose for which it is offered here. It is most essential to the integrity, the dignity, as well as the good policy, of courts to treat every ease filed therein as having been so filed in good faith and for the purposes and objects stated in the pleadings. I think the mere statement of the rule carries with it without further argument its own soundness.
Another point raised by counsel herein is that in view of the fact that no final order of partition was ever made in this court, and that the parties ultimately agreed among themselves and exchanged partition deeds for this property, the court is without authority or jurisdiction to award fees to counsel.
The right of the court to award counsel fees in cases where they are rendered for the common benefit of all who are interested in a common fund is not in question and need not here be determined. It is provided by Section 5778 as follows:
“The court, having regard to the interest of the parties, and the benefit each may desire from a partition, and according to equity, shall tax the costs and1 expenses which accrue in the action, including reasonable counsel fees, which shall be paid to plaintiff’s counsel, unless the court award some part thereof to other counsel for service in the case for the common benefit of all the parties; and execution may issue therefor as in other cases. ’ ’
*467 It only remains, therefore, to determine whether or not under and by virtue of the foregoing section counsel’s point is well taken. The reason for the allowance of such a fee to counsel is, of course, most apparent, to-wit, that although acting for one tenant in common he has performed a benefit which is just as valuable and of as much service to every other tenant in common as to his own client, and therefore his own client should not be put to the burden of paying any more than his proportionate share of such services. The essence of the jurisdiction of the court in such cases lies in the fact that the parties have not made a partition, and, of course, the partition in court presupposes from its very nature that they have been theretofore unable to agree.
The opening section of the partition act (Section 5754, Revised Statutes of Ohio) provides that tenants in common may be “compelled to make or suffer partition.” If, therefore, by the medium of an action in partition the parties are brought to a point where before the final decree is entered they amicably agree upon a partition, it follows that the particular tenant in common who inaugurated the suit should not be compelled to bear the burden of the expenses which in good faith have been made in court up to that time. It not infrequently happens that a partition suit may remain in court for a great length of time, surveyors may have been appointed and even divisions already made and set aside and new partition ordered, and then the parties will utimately agree upon the division; it would be highly inequitable and contrary to the spirit of the statute in such cases to place all the costs of-such attempt at partition in court up on the plaintiff.
It is my opinion, therefore, that in such case as is presented here, it was the duty of the court to make an allowance of fees commensurate with the services actually rendered for the common benefit up to the time amicable partition was actually made.
In this case the question also arises as to whether or not the court was justified in allowing fees to counsel for the defendants. The allowance to these counsel is questioned here, and I think it my' duty to observe that in this case the services of counsel for the defendants were manifestly most necessary and *468 conduced most, materially to the amicable partition which followed.
■ J. V. Lee, for plaintiff.
James M. Butler, for defendant.
A great many questions had been raised in regard to judgments between the parties, questions of advancements and amounts due the estate. One of the parties lived in a distant state and there were many meetings; it seems that a partition in court would have been almost impossible unless these questions should have been all determined and settled by the court. I do not, therefore, consider-it a case where the defendants’ counsel have volunteered their services. In such last named case I am clearly of the opinion that no fee ought ever to be allowed, even though they might by such voluntary work render considerable service in the case for the common benefit of all the parties. If we should follow this wording of the statute literally it would lead to great abuse to permit counsel for the defendant to come in and assist or render services for the common benefit and then claim a right to share in allowance. It is contemplated that the services in these eases shall be all rendered by the counsel for plaintiff and in the ordinary circumstances he is fully qualified to render the entire service. Any allowance of fees to defendants’ counsel in such cases not only tends to reduce the legitimate fee of the attorney for the plaintiff, but also would have a tendency to increase the total amount of fees allowed and thereby increase the burden upon the parties. I think the services rendered in this case were in good faith and reasonably necessary to have been rendered, in addition to those services rendered by the plaintiff’s counsel.
The motion to retas the costs is overruled.